IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| IN THE MATTER OF | : | |
|     FRANCES SCARBOROUGH, Debtor | : | |
| | : | |
| FRANCES SCARBOROUGH, | : | CIVIL ACTION |
|     Plaintiff and Appellant, | : | |
| | : | |
| v. | : | NO. 07-4236 |
| | : | |
| WILLIAM C. MILLER, | : | |
|     Defendant and Appellee. | : | |

===================================================================

| | | |
|---|---|---|
| IN THE MATTER OF | : | |
|     FRANCES SCARBOROUGH, Debtor | : | |
| | : | |
| FRANCES SCARBOROUGH, | : | CIVIL ACTION |
|     Plaintiff and Appellant, | : | |
| | : | |
| v. | : | NO. 09-1984 |
| | : | |
| CHASE HOME FINANCE, LLP, | : | |
|     Defendant and Appellee. | : | |

**MEMORANDUM**

BUCKWALTER, S.J.                                                                                          February 1, 2011

On October 19, 2010, by order of this court, 07-cv-4236 and 09-cv-1984 were consolidated following a status conference held on the same date. A briefing schedule was established and substantially complied with by all parties.

The facts of these consolidated appeals now before this court are set forth in great detail in the Response Brief of Appellee/Intervenor (Docket #37) beginning at page 2, and will not therefore be restated in this opinion.

Suffice it to say, however, that despite the veritable labyrinth of hearings, appeals, remands and motions, the ultimate path leads to the principal and decisive issue in this case; namely, did the Bankruptcy Court correctly determine that the Chapter 13 Plan was not confirmable as set forth in its September 5, 2007 bench order.

In her brief, Appellant wants to be granted the opportunity to propose a feasible Chapter 13 Plan. The problem with that is that she has already had that opportunity at a full hearing held on August 28, 2007. Following that hearing, Bankruptcy Judge Eric L. Frank dismissed the case.

Appellant's chief complaint from the brief she has filed stems from her contention that the 60-month period to make Chapter 13 payments begins at plan confirmation. She also contends that the Bankruptcy Court "deprecates [her] contention that the value of the premises was $13,000, contending that figure was a 2002 valuation which was obsolete."

This resulted in "a construct where Ms. Scarborough would be required to pay at least $445 for 36 months. . . ." (Brief of Appellant Docket #35 p. 22). However, as counsel for the Office of Chapter 13 Trustee points out in its brief (Brief of Appellee Docket #39), Judge Frank had the power and justification to dismiss Appellee's Chapter 13 and his dismissal was correct for the following reasons:

1. Judge Frank's findings of fact were not clearly erroneous;

2. Judge Frank's conclusion of law were not erroneous; and thus

3. Judge Frank did not violate the abuse of discretion standard in dismissing this case.

My review of Judge Frank's order of September 5, 2007 supports the Chapter 13 Standing Trustee's analysis.

First of all, Appellant does not dispute the factual findings other than the valuation issue. With regard to valuation, Appellant apparently never took any steps to meet her burden of proof in that regard. With respect to this matter, Judge Frank stated:

> With respect to the valuation of the residence at $13,000, the debtor relies only on her own testimony as an owner. Her reasoning during her testimony – during her testimony was much like that which would have been employed by a qualified appraiser. She considered whatever houses were selling for in the neighborhood, the fact that the neighborhood she believes has been plagued by sinking properties and the condition of her home which includes a significant period of lack of upkeep and a number of repairs that are necessary.
>
> However, she acknowledged that her entire analysis of valuation was done in 2002, that she had taken no steps since then to update her analysis or to take into account any changes in market conditions since 2002.

Even though Judge Frank was not satisfied that Appellant had established the value of the real estate as $13,000, he proceeded to make two (2) favorable assumptions in favor of Appellant in attempting to decide whether a plan was confirmable.

He stated:

> I will also assume – make an assumption regarding the tolling that is favorable to the debtor. Everyone has assumed that the tolling should run from the July, 2005 dismissal of the case. I will make a more favorable assumption for the debtor. I will assume that it should run from the October, 2003 dismissal of the adversary proceeding. If I use October of 2003 as the appropriate date, that results in 24 – tolling of the 60-month period, 24 months into the case, leaving 36 months potentially for a plan.
>
> I will also assume without deciding that the debtor can succeed in bifurcating Chase's claim and that the allowed secure claim potentially could be as low as $13,000, and, further, while there has been no evidence presented to me – although, I suppose, now that I think of it – no, I have no access to this on the dockets unless I pulled the paper. I don't know what the – what the mortgage provided for as the interest rate. But in any event, I will assume that the appropriate rate of interest for providing Chase with the present value of its claim under Section 1325(b) is eight percent.

> With all of these assumptions, I calculate that the debtor would need to fund a plan, including Trustee commissions, at approximately $16,000. In a 36-month plan that would mean payments of $445 per month. Now, having made all of those assumptions, I am ruling against the debtor essentially because, even assuming I have the discretion to extend this plan out another 36 months, I feel it is not appropriate to exercise my discretion to do so primarily because the debtor has not persuaded me on the present record that the fair market value of the – has not given me enough confidence on the present that she will establish that the fair market value is $13,000.

Judge Frank then explained why Appellant could not be able to make these payments in his judgment:

> Nor did the debtor persuade me on the present record that she can afford a $445 payment for three years which is the calculation I've come to making a number of favorable assumptions, especially because the debtor would be obliged, as a matter of adequate protection, to maintain payments of taxes every year and – and insurance on the property. So the payment would be even higher than $445. Nothing in the history of the case that goes back to at least 2001, perhaps 1998 or even further, gives me any confidence the debtor can perform such a plan.
>
> Point two, for example, the fact that in the first three years of this case, a 36-month period, the debtor paid approximately $6,100 to the Trustee. That's an average of less than $200 per month and has saved nothing since. The debtor's testimony did not persuade me that her financial condition has improved. I make very much the same observations that Judge Carey made in 2005, if anything, the evidence suggests that her income may well decrease and it certainly has been irregular.

Appellant cannot show that these findings were clearly erroneous.

Her legal argument is that she was entitled to 60 months to make her payments, which would, of course, have been less over 60 months than the payment calculated on 36 months. Judge Frank in concluding that she was incorrect cited In re Musselman, 341 B.R. 652 (Bankr.N.D.Ind.2005). His analysis of this issue, beginning at page 13 of his order of September 5, 2007 is not an error of law. The Chapter 13 Standing Trustee's thorough examination of this issue beginning at page 12 of its brief buttresses my conclusion in this regard.

The Appellee/Intervenor has filed its own brief listing separate reasons why the appeal should be dismissed. It has also joined in the Chapter 13 Standing Trustee brief in support of this court's not reversing the September 5, 2007 order. Because I have concluded that the September 5, 2007 order should be affirmed, I need not address those reasons.

An order follows.